**This order is SIGNED.**

**Dated: October 29, 2020**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>DAN LEVALL MEADOWS,<br><br>Debtor. | Bankruptcy No. 15-31667<br><br>Chapter 13<br><br>Judge William T. Thurman |

### MEMORANDUM DECISION ON THE FINANCIAL COURSE REQUIREMENT UPON DEATH OF THE DEBTOR

_____

### BACKGROUND

It is said that nothing is certain except for death and taxes, but today the Court is asked a question about death and discharge, for which there is some uncertainty in the Chapter 13 context.

The Court has previously issued an order on this matter[1] and issued its findings and conclusions on the record and has determined to memorialize them in this Memorandum Decision.

This case comes to the court upon a Motion for Relief from the requirement under 11 U.S.C. §1328(g), filed on September 29, 2020.[2] That provision of the Code states that, before a discharge injunction is entered, the debtor must complete an approved financial management course. The reason this relief is sought is because the Debtor, Mr. Dan LeVell Meadows, has unfortunately passed away between the time the plan was confirmed and now, and is therefore unable to complete the course. The Court writes this opinion to focus on a matter a matter not brought before the court often, but nonetheless is highly important for a number of reasons.

## JURISDICTION AND VENUE

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L), and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408. The Court finds that notice on this motion was proper in all respects.

## FACTS

This Court notes the simple facts that Dan LaVell Meadows filed a chapter 13 petition on December 17, 2015 and the plan was confirmed on June 13, 2016. Before the plan was completed, Mr. Meadows died and his personal representative, Ms. Pam Grappendorf, continued to make payments until the Trustee submitted a notice of plan completion on September 10, 2020. Ms. Grappendorf is now requesting a discharge for Mr. Meadows's estate, which was met with the

---

[1] Docket No. 36
[2] Docket No. 33.

conditional objection by the Trustee made on the basis of failing to provide evidence of Mr. Meadows taking the financial course.

## **CONCLUSIONS OF LAW**

The bankruptcy code contains no guidance on specifically *how* a case should proceed when a debtor dies during the case, and there is no controlling precedent from this Circuit. However, Bankruptcy Rule 1016 does provide some direction. In applicable part, it states:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code.... If a reorganization, family farmer's debt adjustment, or individual's debt adjustment plan is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Fed. R. Bankr. P. 1016. The rule clearly contemplates discharge despite the death of a sole debtor or codebtor, but different courts have come out differently on what "further administration" is needed and what death means for pre-discharge requirements, such as the financial course. Thus, the one question of whether the financial course can be waived really becomes two: (1) when can the case continue after death and (2) which pre-discharge requirements can be waived or deemed satisfied and under what circumstances?

There is split authority throughout the United States on how to deal with such situations. Even courts that come to the same conclusion of dismissal do so through different rationales. While some courts dismiss cases on the grounds that requirements are requirements, and if they cannot be satisfied then the case must be dismissed,[3] others have dismissed cases on the grounds that bankruptcy is an inferior venue to settle the debtor's estate when a perfectly good probate process

---

[3] *White v. Glennville Bank (In re White),* 2011 WL 3426166 (Bankr. S.D. Ga. 2011).

is available. Those courts have based that policy rationale on the technical requirement that the discharge must be for a "person," and an estate is not a person under the Code.[4]

Conversely, several cases have proposed that a sole debtor may have the financial course requirement waived due to the debtor's death. Two cases from within this Circuit and one from Arkansas in the 8th Circuit are persuasive to this Court.[5] In each of these cases, the debtor's representative/ co-debtor failed to file a motion to continue the payments under the plan at the time of death. Instead, each question was raised, as it is in this case, after the plan had been paid off and the debtor had been deceased for some time. This makes sense given that the code is silent as to what steps should be taken and what time and what kind of motions are proper. For this reason, the Court notes that it would usually be prudent and proper practice to file such motion at the time of death rather than use a wait and see approach. Also like the case before the Court, despite lack of notice to creditors at the time of death, two of those cases were paired with requests for discharge in which the death of the debtor was noticed out to creditors in that request.

When reversing the Bankruptcy Court, which dismissed the matter *sua sponte* once it became aware of the debtor's death, the District Court in *Fogel*[6] held that the rule does not mandate dismissal upon the death of a sole debtor, and that the non-debtor spouse may continue to make plan payments. The District Court stated that the Bankruptcy Court's general observation was error. The Bankruptcy Court found that a Chapter 13 is usually based on debtors' future incomes and that therefore the death would preclude plan payments. Instead, the Bankruptcy Court

---

[4] *In re Shepherd*, 490 B.R. 338 (Bankr. N.D. Ind. 2013). *But see* Lundin & Brown, Chapter 13 Bankruptcy, § 7.8, at ¶ 1, (Although a decedent's estate is not eligible to be a debtor, the personal representative of that estate is not barred from filing in their individual capacity) (citing *Bunch v. Hopkins Sav. Bank*, 249 B.R. 667, 668 (Bankr. D. Md. 2000)).
[5] *In re Fogel,* 550 B.R. 532 (D. Colo. 2015); *In Re Inyard*, 532 B.R. 364 (Bankr. D. Kan. 2015); *In Re Shorter,* 544 B.R. 654 (Bankr. E.D. Ark. 2015).
[6] 550 B.R. 532 (D. Colo. 2015).

4

should have asked if the plan could logistically continue based on the facts of that case. As it happened, the debtor's spouse was able to continue plan payments, and this meant that the "further administration" was possible.

Additionally, the court held that the financial course requirement was not required of a debtor who had died post-petition and pre-discharge:

> This requirement, however, does not apply to a debtor described in § 109(h)(4). 11 U.S.C. § 1328(g)(2). Section 109(h)(4) excludes a debtor "whom the court determines, after notice and hearing, is unable to complete [the personal financial management course] because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).[7]

In line with this reasoning from Colorado, the Bankruptcy Court for the District of Kansas in *Inyard*[8] held that the debtor is eligible for a hardship discharge under 28 U.S.C. § 1328(b) when death is the only factor rendering him unable to complete his plan.[9] Similar facts caused the court in that case to cite policies of congress preferring individuals to file chapter 13 over chapter 7.[10] If death would allow discharge under chapter 7 and not 13, then it would provide incentives in the opposite direction as intended. Referring to the same §109(h)(4) provision as in *Fogel*, the court determined that both by text and policy, a debtor should have the financial course waived.

---

[7] *Id.* at 537.
[8] 532 B.R. 364 (Bankr. D. Kan. 2015).
[9] Many other cases have held hardship discharge proper under similar analyses. *In re Kosinski*, 2015 WL 1177691 (Bankr. N.D. Ill. Mar. 5, 2015) ("Most courts addressing this issue have… concluded that Rule 1016 permits the award of a hardship discharge after a debtor dies if the requirements of § 1328(b) are met."); *In re Cummins*, 266 B.R. 852, 855 (Bankr. N.D. Iowa 2001) ("A review of the few cases considering whether circumstances are beyond the debtor's control discloses that hardship discharges are rarely granted other than in the case of a debtor's death."); *In re Graham*, 63 B.R. 95, 96 (Bankr. E.D. Pa. 1986) (granting hardship discharge to deceased debtor). *See also In re Bond*, 36 B.R. 49, 51 (Bankr. E.D. N.C. 1984) (same).
[10] *In Re Inyard* at 372 (Citing *In re Woolsey*, 696 F.3d 1266, 1275 (10th Cir.2012)(opting for an interpretation of the bankruptcy code that would not be "contrary to Congress's preference for individual debtors to use Chapter 13 instead of Chapter 7")).

The case of *In Re Shorter*[11] from Arkansas is also helpful in interpreting what it means to have possible "further administration." There, the court analyzed other statutory requirements of the plan and found that certain requirements would need to be followed while others would not. While coming to the same conclusion as to the financial course, the court in *Shorter* also determined that the best interest of the creditor's test would still need to be followed. There, the creditors received their full payment due through the plan and the dividend to creditors exceeded that which would have been possible in a chapter 7. Correspondingly, the court found that further administration was possible and waived the requirement for the financial course while noting that full compliance with payment of the remainder of the plan was a saving grace to discharge.

Accordingly, while it seems almost certain that death forgives the financial course, guidance in general on how to determine which requirements are waivable is sparse. What is the difference between a financial course and the best interest of the creditors test? Logic would tell us that one is no longer useful after death while the creditors' interests are still very much alive.

Although the Bankruptcy Court for the Northern District of Ohio stated that its opinion was not intended for publication or citation, it simply puts too much clarity to this question in the form a test:

> the question becomes whether there is anything either so personal or unique about the end-of-case requirements to prevent either waiver or satisfaction of the requirements by another on behalf a deceased debtor.[12]

This is simply to say that, when the particular requirement can be completed by a party in substitution and the importance is the act itself, rather than the actor, the requirement cannot be

---

[11] 544 B.R. 654 (Bankr. E.D. Ark. 2015).
[12] *In re Levy,* No. 11–60130, 2014 WL 1323165, at *2 (Bankr. N.D. Ohio 2014).

waived. Rather, that type of requirement is entirely for the benefit of others. However, by contrast, the requirement for a financial course is to the benefit of the debtor him or herself, in an attempt by congress to counsel the debtor away from needing to file bankruptcy in the future and to better handle one's finances.

"The issue for the court is how to harmonize the goal of concluding a case involving a deceased debtor, and thereby allowing 'further administration.'"[13] The court should view whether those requirements are still necessary to effectuate the purpose of the code after the death of the sole debtor or one co-debtor. One could ask two questions to see what is still required upon death. First, does this requirement affect anyone's interest other than the deceased? Second, is this a requirement that is personal to the debtor, or could it be performed by someone else?[14] If the answer to the first question is no, then it is a waivable requirement. If yes, then it is nonwaivable, but if the second question is also answered in the affirmative then the estate may continue "further administration" by substituting the personal representative for the original deceased debtor.

## **CONCLUSION**

In accordance with the foregoing reasoning, the Motion for Relief from the requirement of 11 U.S.C. §1328(g) is GRANTED and the required financial course is waived. The court will take up the issue of discharge if and when the deadline for that request passes and it comes before the court.

---

[13] *Id.* at *1.

[14] Who may act is another question of split authority. Legal representatives, such as administrators and executors, may also have authority. In re Seitz, 430 B.R. 761 (Bankr.N.D.Tex.2010). "At least one court has noted that the authority of another person to act may depend on the circumstances or posture of the case. The court agrees with this position." In re Levy, No. 11–60130, 2014 WL 1323165, at *2 (Bankr. N.D. Ohio 2014)(Citing Vetter, 2012 WL 1597378, * 2 (Bankr. D. S.C. 2012)).